16

Katherine A. BARON, Plaintiff–
Appellant,

v.

WINTHROP UNIVERSITY HOSPITAL,
Roger Dee, George P. Rainer, Gary
Schwall, Defendants–Appellees.

No. 03–7233–cv.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2006.

Katherine A. Baron, pro se, Bayville,
NY, for Plaintiff–Appellant.

Michael McGrath, Putney, Twombly, Hall & Hirson LLP (James M. Strauss, on the brief), New York, NY, for Defendant–Appellees Winthrop University Hospital, George P. Rainer and Gary Schwall.

Wendy Mellk, Jackson Lewis, LLP (Paul J. Siegel, on the brief), Melville, NY, for Defendant–Appellee Roger Dee.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Katherine Baron, appearing *pro se*, appeals the district court's grant of summary judgment for Defendant–Appellees Winthrop University Hospital (the "hospital"), Roger Dee, George Rainer, and Gary Schwall on her claims of gender discrimination.

Plaintiff brought claims for disparate treatment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL"). Her claims centered on her allegation that her supervisor, defendant Dr. Roger Dee, was biased against women in the workplace. Plaintiff alleged that Dr. Dee made a series of remarks about women evidencing his bias, such as, "Women should not be in health care," "females should not be making any decisions," and "[all females] should have their tubes tied." She further alleged that she suffered adverse employment actions motivated by Dee's gender bias, including, for example, reassignment of her scheduling responsibilities to a male employee, an order that she take vacation time in blocks

rather than a day at a time, while male employees did not receive similar directions, failure to pay her cost of living salary increase as paid to male employees, and refusal of permission to attend a conference when a male employee was granted permission to attend a comparable conference. Plaintiff also alleged that she was terminated in retaliation for filing EEOC complaints based on Dee's alleged discriminatory remarks and actions.

■ The district court properly granted summary judgment dismissing plaintiff's claims of hostile work environment and retaliation. The alleged remarks were not sufficiently severe or pervasive "to alter the terms and conditions of [plaintiff's] employment," so as to constitute a hostile work environment. *See Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir.2006) ("Generally, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." (internal quotation marks omitted)). A jury could not reasonably find a hostile work environment on the basis of the alleged remarks. Nor could a jury reasonably find retaliation, because plaintiff offered no evidence supporting a reasonable inference that the hospital terminated her because of the EEOC complaints she filed one and two and a half years, respectively, prior to her termination.

■ The district court, however, did not rule on plaintiff's disparate treatment claims to the effect that the transfer of her duties to a male, the order that she take vacation in blocks, the denial of permission to attend a conference, and the denial of a cost-of-living increase (and any others alleged) were motivated by bias.[1] We there-

---

1. In the course of its discussion and proper rejection of plaintiff's claims of hostile work environment, the court wrote, "Plaintiff also maintains that the Defendants transferred her managerial duties away on the basis of gen-

der. The Court sees no merit to this contention." It is not clear whether the court intended this as a ruling on claims of disparate treatment, as opposed to hostile work envi-

fore vacate the district court's dismissal of these claims, and remand to the district court.

For the foregoing reasons the grant of summary judgment for defendants is AFFIRMED in part and VACATED in part. The case is REMANDED to the district court for further proceedings consistent with this order.

ronment. If so, the ruling was defective in that the court adopted the position of the moving party on several disputed issues of material fact. And in any event, the court made no mention of plaintiff's other claims of disparate treatment.